(89 App. Div. 524.)

HALL v. LITTLE.

(Supreme Court, Appellate Division, First Department.   January 8, 1904.)

1. GUARANTY — ACTION—PLEADINGS—PERFORMANCE OF CONDITIONS—SUFFICIENCY OF ALLEGATION.

An allegation in a complaint on a guaranty of payment of two notes in consideration of refraining from entering judgment on one, which was in suit, that defendant paid the note in suit, is not the equivalent of an allegation that there was a refraining from the entry of judgment on such note.

2. CONTRACTS—ACTION—PERFORMANCE—NECESSITY OF ALLEGING.

In order to recover on a contract it is incumbent on plaintiff to allege and prove performance of the contract upon his part.

Appeal from Special Term, New York County.

Action by Charles A. Hall against Robert F. Little.   From a judgment overruling a demurrer to the complaint, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

R. Forsyth Little, Jr., in pro. per.

Elmer E. Cooley, for respondent.

VAN BRUNT, P. J.   Amid the mass of evidentiary matter set out in this complaint it is somewhat difficult to determine in many instances whether the pleader intends to allege a fact or merely evidence.   It may be assumed, perhaps, that the plaintiff desired to recover the amount of a note made by one Caroline W. Whiton for $1,750, and interest, such right of recovery being based upon an instrument of guaranty reading as follows:

"In consideration of Elmer E. Cooley refraining from entering judgment against Caroline W. Whiton for a period of ten days, I hereby guarantee the payment of the note sued upon in which he is the plaintiff, and Caroline W. Whiton is the defendant, and upon which there is now due the sum of $1,200.00 with interest from November 18th, 1900, and in and for the same consideration, I hereby guarantee to the holder of the note made by Caroline W. Whiton, bearing date the 6th day of July, 1900, for $1,750.00 and interest, payments on the said note to be made as follows:

"$1,200.00 with interest from the 18th day of November, 1900, on January 4th, 1901, and on January 15th, 1901, the sum of $1,750.00 with interest from the 6th day of November, 1900.

"In witness whereof I have hereunto set my hand and seal this 26th day of December, 1900.                    R. Forsyth Little, Jr."

It will be observed that this instrument of guaranty related to two notes, one for $1,200 and one for $1,750; that suit had been commenced upon the $1,200 note; and that the consideration for the guaranty was the refraining by the plaintiff from entering judgment in the action on the $1,200 note for a period of 10 days.   Nowhere in the complaint is there any allegation that this condition precedent mentioned in the guaranty has been complied with, and this is claimed by the defendant to be a fatal defect in the complaint.   The complaint does contain an allegation, or rather an insinuation, that this

¶ 2. See Contracts, vol. 11, Cent. Dig. § 1664.

note has been paid by the defendant. This, however, is not the equivalent to an allegation that there was a refraining from the entry of judgment for the period mentioned in the guaranty, and which formed its sole and only consideration. In order to recover upon any contract it is incumbent upon the plaintiff to allege and prove performance of the contract upon his part. In the complaint under consideration we fail to find any allegation to this effect. The pleader seems to have supposed that because he had alleged the payment of the $1,200 note such allegation was sufficient. But this fact had no bearing upon the question as to whether or not the plaintiff had extended the forbearance forming the consideration of the guaranty.

The complaint seems, therefore, to be defective, and the interlocutory judgment should be reversed, with costs of this appeal, and the demurrer sustained, with costs, with leave to the plaintiff to amend his complaint upon the payment of the costs of this appeal and the costs of the demurrer. All concur.